IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO:

RHONDA BLANTON,

        **Plaintiff,**

vs.

RACETRAC PETROLEUM INC.,

        **Defendant.**

_____

## COMPLAINT

    Plaintiff, RHONDA BLANTON, by and through the undersigned counsel, hereby sues Defendant, RACETRAC PETROLEUM INC, and alleges as follows:

    1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

    2.    Plaintiff, RHONDA BLANTON, is a natural person residing in Sumter County, Florida.

    3.    At all times material to this action, Defendant, RACETRAC PETROLEUM INC, is a Foreign Profit Corporation licensed to do business in the State of Florida.

    4.    At all times material hereto, Defendant, RACETRAC PETROLEUM INC, was the owner and in possession of that certain business located at 4751 West Sand Lake Road, Orlando, Florida 32819, open to the general public, including the Plaintiff herein.

    5.    On or about January 8, 2021, Plaintiff, RHONDA BLANTON, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, RHONDA BLANTON, was a lawful guest upon the premises of the Defendant, RACETRAC PETROLEUM INC, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, RACETRAC PETROLEUM INC

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the floor, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said floor area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' floor was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floor for dangerous conditions;

  g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floor for dangerous conditions;

  h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

  i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

  j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

  k) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing areas or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

  l) Negligently failing to act reasonably under the circumstances;

  m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

  n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

  o) Negligently failing to install, maintain and provide a safe floor within the subject premises;

10. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a drain cover in the restroom, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and

aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, RHONDA BLANTON, sues the Defendant, RACETRAC PETROLEUM  INC, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, RACETRAC PETROLEUM  INC

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the floor, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said floor area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' floor was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floor for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floor for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing areas or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

o) Negligently failing to install, maintain and provide a safe floor within the subject premises;

16. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a drain cover in the restroom, sustaining significant personal injuries.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, RHONDA BLANTON, sues the Defendant, RACETRAC PETROLEUM INC, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

s/ Ty Hinnant
Ty Hinnant,
FBN 86772
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:    (689) 219-2060
Facsimile:    (689) 219-2160
Primary Email: thinnant@forthepeople.com
Secondary email: lfleming@forthepeople.com
Attorneys for Plaintiff